Good morning, Your Honors. May it please the Court. Chris Keel on behalf of Defendant Appellant Foster Wheeler. I'd like to reserve two minutes for rebuttal. This case involves a simple fact pattern, but it's critical to the analysis in this case. Mr. Long was primarily a laborer at shipyards that serviced and repaired vessels. He claims that his mesothelioma, his cancer, was caused by exposure to asbestos, and he sued dozens of defendants, claiming that they put asbestos-containing products on those ships. Mr. Long claims, like almost every asbestos case, boils down to a failure to warn, that the defendants failed to warn him about the hazards of asbestos. His complaint did not identify any ships by name or otherwise indicate that the case was removable. It was not until he served medical records that referenced exposure to significant amounts of asbestos on Navy ships that Foster Wheeler learned that the case was removable. That belief was corroborated later at his deposition when he specifically alleged exposure on Navy and Coast Guard ships. It was further corroborated when the defendant made his initial disclosures and identified over 400 naval exhibits, several naval experts, as well as identifying commercial vessels that had originally been manufactured by the Maritime Commission. Now, of course, plaintiffs successfully moved for remand, and they continuously argue that they are disclaiming the Navy exposures. Now, why does Mr. Long and several plaintiffs, many plaintiffs like him, try so hard to stay in state court? Foster Wheeler is not asking for summary judgment. Foster Wheeler does not escape liability if it is successful here today. Foster Wheeler is just suggesting that it gets to litigate their case in federal court, and that's based upon the United States Congress and 200 years of jurisprudence. If I may take a quick look at Mr. Long's sworn testimony, Mr. Long alleged exposure to asbestos while assisting boiler makers, and he specifically identified Foster Wheeler boilers. Right after he identified Foster Wheeler, he was asked if he worked on ships other than cargo and oil tankers, and he said, yes, Navy ships. He could not recall the names or the hull numbers of these ships, but he could recall that there were Navy cargo ships and transport ships. He even recalled supply ships that hauled ammunition. So this case really comes down to the removal, whether it was proper, and then whether the District Court appropriately remanded this case to state court. So you argued that removal was proper under 1442, that you're asserting and acting under a government officer defense, and plaintiffs have disavowed any claim based on exposure to asbestos on a Navy vessel, or a former Navy vessel that's been decommissioned is now a commercial vessel. So I'm trying to see how this plays out. If you remain in federal court, would you file a motion to dismiss based on the government contractor defense? If you did, wouldn't plaintiffs just say, we concede, we're not arguing any of our client's injuries are related to exposure from a military ship, and then you would be litigating if he was injured as a result of exposure on commercial ships? Whether we would make the argument about the government contractor defense in terms of dispositive motion, I can't answer that question. I don't know what we would do. But the distinction is that you can't parse out the different exposures. Right. I know you're alleging that this is indivisible injury, but that seems like a problem of the plaintiff's proof. That's going to be a matter of state law, how his injury is determined, how it's measured, how it's divided between alleged tort feasors. So he's alleging state law claims, products liability, failure to warn, negligence, things along those lines. I'm not an expert in Oregon law, but I think they apply a modified comparative negligence approach, right? I believe that's correct. So the court, whether it's the federal court or the state court, would be trying to divvy up the liability if there is any. And I think it seems pretty tough from plaintiff's perspective how they're going to prove this, because the proof that we've been shown so far seems fairly, it's not very specific about which ships he was on and when. Maybe that's to come. I mean, this is, I don't know where you are in discovery, but that doesn't seem to make it a government contractor defense or an issue for federal law. But respectfully, Your Honor, I believe that the case law is clear that because Foster Wheeler has this federal defense and properly removed the case under the federal officer removal statute, that it gets to litigate that in federal court. But you're assuming the ultimate answer, that you have this federal defense. But there's no claim. There's no claim against Foster Wheeler that depends on them taking direction from the government, contract with the government, being under the control of a government officer, right? The plaintiffs have said we're not making that claim. So that's where I started with, are you going to make this defense? Are you going to assert a government contractor defense? And if you do, what happens? You just end up litigating the state law claim in federal court. Right, but, sorry, go ahead. So I'm not sure that you have that defense, that you're invoking it because you want to remove it to federal court, but there's no claim to make the defense against. But Foster Wheeler's position is that there absolutely is a basis for the claim because of plaintiff's sworn testimony. Plaintiff can't disclaim something that goes, contradicts his own sworn testimony. He's the one. Well, sure he can. He could say, you know, I was exposed on a government ship and I was exposed on a commercial ship. I'm only going to choose to pursue my claims from exposure on commercial ships. He's then giving away potentially all of his case or a huge amount of his case or a lot of his damages. But it doesn't mean that because he testifies that I worked on all these ships that he has to pursue all those claims. I mean, you would be making the opposite complaint if he didn't say that, if he didn't acknowledge that, because you would say he's not being truthful. And if he didn't disclose his medical records because he wouldn't be complying with discovery and meeting his disclosure obligations. But that doesn't necessarily frame what his claim is. But because he suffers from a single indivisible injury that his own experts will have to say were caused by the exposure on the Navy. This is all a causation problem. There's no, but there's nothing, nothing's going to, you're not going to be trying whether you were actually under medical, I'm sorry, under military direction to produce boilers that contained asbestos in a particular way. That's the, that's the heart of a military, of the military contractor defense. And none of that would, none of that would be relevant. All of this has to go to causation. And that doesn't seem to have anything to do with your defense. But the causation stems from the very acts that Foster Wheeler did pursuant to the Federal Officer Removal Statute. Well, no, not if they, not if they disclaim that. So let me, let me, let me follow up on Judge Beatty's very good questions by giving you, by giving you a hypothetical. Because I've read a lot of these cases. And it's interesting, the cases go back and forth. And I had some trouble starting to figure out what the pattern was. And let me give you the hypothetical. So we have, we have a plaintiff who says, over my career, I worked at Shipyard A and Shipyard B. At Shipyard A, I only worked on Navy ships. At Shipyard B, I only worked on commercial ships, none of which were previously in commission, had nothing to do with the military. Okay? We're just very, very clean. I am only bringing a claim in state court based on my exposure to asbestos at Shipyard B. Now, do, if you're, if they sue Foster Wheeler, have you got a military contractor defense? Under that scenario, I think we would have a more difficult argument. But that's not the fact of this case. But it all goes to the indivisibility of the causation, doesn't it? Has nothing to do with this. If, if, especially if he's, if he says, we will not mention Navy ships. We will not mention Coast Guard ships. I'm not going to mention anything that comes out of the military. I'm only going to give you the names of ships on which I worked that were at Shipyard B, which was strictly commercial. Right. And as I said, that's not the facts of this case. I understand, Counselor, but I'm just trying to figure out how far the disclaimer goes. In that case, if he says in his complaint, I am only bringing claims arising out of Shipyard B, do you have a military contractor defense? For purposes of that hypothetical, I think it would be harder for us to argue that we had a federal officer removal statute defense. Yeah, well, harder doesn't really help me very much, does it? I've tried to give you as clean a case as I can with very, very clear disclaimer. And if I can't get a straight answer to that, I really don't know what's going on. Under what circumstances in the hypothetical I've given you would you be able to raise a military contractor defense? I understand. You're going to argue, you're going to scream to the top of the roof that this was caused by his exposure at Shipyard A, but he's not going to, but there's never going to be any argument as to whether you were under the direction of an officer when you produced the boilers that were in those ships in Shipyard A. None of that is going to come to light because the plaintiff is not interested in talking about any of those ships. Well, then I would give you that that would be a proper disclaimer based upon the facts of the case. Okay. All right. I think you're right, counsel. And I think that the cases will bear that out. Now, the question is, has he made that disclaimer? And I think that paragraph 13 is very, very troubling because I think it's quite indistinct. So paragraph 13 says, none of his claims herein are for exposures at any United States governmental sites or enclaves. I have no idea what that means. He's got three different places here, and it looks like at least two of them had Navy ships at them. They're not governmental sites or enclaves. Exactly. That doesn't look like that's a very good disclaimer, does it? I agree. And then the second part says, or under the direction of any United States government employee, administrator, administration, or contractor. That just says, I'm going to walk away from any defense that you've got that's good. And I don't know how that can be an effective disclaimer. And that's exactly the point we tried to make in our brief. Okay. But that's very different from the hypothetical that I gave you. Absolutely. But there's more. I mean, they make a disclaimer in their complaint, and then at argument before the court, they said, when we are trying to blame Foster Wheeler and say they're responsible, the only exposure evidence we will discuss will be exposure on civilian ships, not Navy ships, not Coast Guard ships, not current civilian ships that were commissioned by the military. We'll not discuss any of those. Our experts will not rely on anything about those. So that's a pretty clear statement. And once they've made that in open court, it's very hard-pressed to somehow change from that and then bring a claim based on exposure on a military ship or a ship that was formerly a military ship. So taking Judge Bybee's point, if the part of the complaint is not sufficient, why was that not sufficient to say everything that happened on a military ship is out? We're not talking about that. Our experts are not talking about that. Because this case is not like the hypothetical that Judge Bybee gave me. But that doesn't matter. I think the point of the hypothetical is that in either way, the hypothetical plaintiff has cancer, has mesothelioma from exposure to asbestos, which becomes friable, comes into the lungs, causes these health concerns. And it's the same argument. It's indivisible. How do we know if it was asbestos at shipyard A or shipyard B? Well, that's plaintiff's problem. They've got to prove it, right? So here, how do we know if it was when he was on ship A, which was a Navy vessel, ship B, which was a Coast Guard vessel, ship C, which was a commercial vessel? He still has this disease. Exactly. We have all those issues that are to come forth. But the point of this is simply about the jurisdiction. Where does Foster Wheeler get to defend itself? Right. And your defense is a causation defense. That's what you're left with. You have a state law causation defense because they're not trying to argue that there's any liability based on any exposure on any military ship. But their disclaimer is not supported by the facts. It's not supported by their exhibits that they've submitted. But it doesn't matter. I mean, that was the point I was making to you earlier. They're obligated to disclose all of his medical records, right? And he told doctors he thought it happened on a military ship, right? He's obligated to disclose that. He testified. He's under those claims. He's chosen not to. So you can tear them up in cross-examination at trial and you can attack their causation evidence. But it doesn't mean you can force them to make a claim based on exposure on a military ship so that you can then assert a government contractor defense. They just haven't gone there. So I don't see how this becomes an issue of asserting a defense that you are acting at the direction of a government officer under 1442. I see I'm out of time. I'd like to save a little time for rebuttal. But I would just say that they can't disclaim, they shouldn't be allowed to disclaim something that's contrary to the sworn testimony of Mr. Wong. But why not? Why not? Because of 200 years of jurisprudence that says we get to No, that's not 200 years of jurisprudence. It's the plaintiff is the master of the complaint. They choose what claims they wish to bring. They may have been injured by three or four people but one of them is a relative and they don't want to sue them. So they don't bring a claim against them. But their medical records and they've said this person harmed me, okay, that's not 200 years of jurisprudence that says they have to sue them. Your argument doesn't make any sense to me. I know you want, I'll let you respond. But I will also give you a few minutes because we've taken you over. But under 442 removal, that rule, that best complaint rule doesn't matter. The cases are clear that this is an exception No, I'm not saying it's the well-pleaded complaint rule. I'm saying the plaintiff is the master of his complaint. He can choose which claims to bring and that has nothing to do with removal under 1442. And the statute talks about the cause of action has to be based on the act that you were required to take based on the government's direction. None of that's at issue. But it is because Are you saying that the government directed you to build boilers in a certain way to be placed on commercial ships? No, but, but, but Mr. Long said he was exposed on Navy ships. And that's the act at the, the important act here is the fact that Foster Wheeler designed and manufactured boilers on Navy and Coast Guard ships per military specifications. My understanding, my understanding is that if anything, if, if, that any exposure on a Navy ship will now be out of bounds. In other words, the plaintiff has to concede that as to any Navy or Coast Guard ship or other ship commissioned by the United States, that you were acting under the direction of a federal officer. And therefore, they are, they will not, they cannot recover for anything attributable to, to Mr. Long's exposure to that ship. Now, if that's not what I'm going to hear from, from the, the, the plaintiffs, they're in really deep trouble with me. They may be in deep trouble anyway, but they certainly are going to be in deep trouble if I hear something different. But, but what, all, all they've done is just said, we're, we're, we're done. We're, we're not, we're not going to challenge whether you were, whether you were under their direction. And, but it has to come up. It has to come up because that's the facts of the case. No, it doesn't. All, all you have to, all you have to do is say, that's a Navy ship. And, and the district court says, it's out of the case. It, it empowers you, right? You go to trial and you say, they bring in evidence how he's injured, and you go, by the way, it all happened on a Navy ship. So we, and they've said we're, they're not making a claim on that. So we're not liable. But it doesn't mean it's a government contractor defense. It's just a causation argument. Okay, I'll. All right. I'm sorry. We'll give you, I'll give you. I'm sorry, Judge Hawkins. I'm sorry. Sorry to keep you up here. Intriguing case with lots of interrelated issues. Suppose Mr. Long had given the United States of America a release. If they had given the United States government a release? Yeah. I, I don't believe there's any liability for the United States government in this case. Would you still have the government contractor defense to assert in federal court? I believe we would because it goes to, it's the actions that Foster Wheeler undertook under a federal officer that, that decides the jurisdictional issue. But you, you wouldn't have it if they had also made the disclaimer that they make here. They've released the federal government and they've said we're not bringing any claim against you based on exposure on a military vessel. But it calls, it calls into question the basis of the disclaimer. The case law talks about the fact that, well, if there's no reason to question the disclaimer, okay, let's, let's give them the disclaimer. There's every reason to question the disclaimer in this case based upon the evidence. But where does that get them? They've disclaimed the claim. They don't have the claim. They can't recover money from Foster Wheeler based on that claim. But they can't separate it out. It's not like a typical personal injury case where you say, say it's a claim. But they can separate it out under Judge Bybee's hypothetical of exposure at shipyard A or shipyard B. That would be different. But their own, their own experts are going to say that. Why is it different? It's exposure to asbestos on a number of ships. Some of which may be military, some are civilian. Because it's intertwined. It's not a separate location at a separate time. It's today I was on a Navy ship. You know, tomorrow I'll be on a commercial ship. And so you say they can't prove their case. That's your, that's your defense. They can't prove it. They're going to struggle and they're going to fail at trial. If they, if they can't show what ships he was on, if we don't start, don't start naming names really quickly, I think their, I think their case collapses. I don't know how they prove the case that they've got, that I think they've got. And commercial ships that were, let's say he was working at commercial ships that were originally built per the Maritime Commission, which brings it back under federal law, sir. And if those come under federal officer, I think they've disclaimed those, but I'm going to, we want to hear that one from the plaintiffs themselves. All right. All right. Thank you. Any more questions before we let this man sit down? Thank you. Good morning, Your Honors. Adam Pulver for the appellant, Mr. Long. I want to just jump right into what Judge Bybee was asking about. I'd say you are correct, I think, if I understand your question correctly. So I'll try and restate it. Okay. Now, I don't get that out of paragraph 13. I think 13 is, I'm going to tell you, I think 13 is a mess. I agree, Your Honor. First of all, I don't think there are any federal enclaves that are at issue here, so that's nonsensical. And the second part of it says, well, we won't, we won't seek any damages from anything where you could assert the defense. But that gets the state court into whether the defense can be asserted and therefore is utterly ineffective. Your Honor, I agree that we are not relying solely on paragraph 13, and I agree paragraph 13 is not a paragon of clarity. I think, however, the clearest would be the argument that Judge Bybee just quoted, what happens, I'm not going to quote it again, the oral argument on the motion to remand, in addition to the motion to remand itself, within that motion to remand, there was a disclaimer, and where it was explicitly disclaimed that at that point, taking a step back, the notice of removal only addressed this naval question, and navy vessels was the only basis for removal. So are coast guard vessels at issue here? They were raised later, so that was addressed in the oral argument that Judge Bybee just quoted. But the notice of removal did not address coast guard vessels at all. It was, removal was based solely on navy vessels. But your complaint doesn't identify any vessels, so we don't really know what's going on here. Correct. And he only told the doctor that he worked on navy vessels. He didn't say anything about coast guard vessels. So we have no clue what he's seen, what he saw, and what he didn't see. Well, Your Honor, I think that a lot of the frustration and the feeling about this case is that Mr. Long shouldn't or couldn't prevail on the merits and couldn't make his prima facie case, but that's not enough to get a decision. No, but part of the problem is we don't even know what ships he's talking about. Well — He can't remember. He couldn't identify any names. He knew some of them were navy ships. Were there some of them coast guard ships? Don't know. Did somebody ask him? Don't know whether the question got posed. We don't know whether some of these might have been federally commissioned ships that were later, you know, decommissioned. So it's kind of a mess. So do you want to tell us what it is that you're seeking? So Mr. Long is seeking to recover based on exposure on civilian and commercial vessels and personal automobiles that he worked on outside of the shipyard capacity. Okay. Are any of those previously commissioned by the United States? If they have been, he is not seeking to recover for anything — Okay. So you'll — if you come out and say, well, he worked on the SS so-and-so, and we find out that it previously had been commissioned as a Federal ship, you'll just take it off the list? That's correct, Your Honor. Okay. Now, is your — is your representation to this Court here, like your representation to the District Court, is that effective without amending the complaint? Because paragraph 13 is just a mess. Yes, it is, Your Honor. A waiver of claims doesn't have to be in the complaint, and certainly cases conform to proof after the complaint has proceeded. This case is actually — Fosterville has already filed its motion for summary judgment in state court. Proceedings were not stayed while the appeal proceeded. And so, unsurprisingly, their summary judgment motion is not based on any Federal defense or the government contractor defense. It's based on — you haven't identified any specific ship that's within the scope of your complaint or Fosterville or things, so we don't have liability. And that state causation argument is what they have raised in state court as — Is Fosterville the only entity here that's raised a Federal contractor defense? You sued a whole bunch of — It is the only one that's asserted a basis for Federal officer removal. No one has actually raised a — no one raised a Federal contractor defense in summary judgment. Nobody else tried to remove to Federal court? Correct. And that's because — I think it's clear that, as the Court has analyzed, this isn't about — no one is claiming — Mr. Long is not seeking to recover — make any claim that you could raise a Federal contractor defense, too. Yeah, well, you couldn't get that out of the complaint. Yeah, the question that we seem to have come to is, has your client completely severed off from the claims he wishes to pursue any aspect of the Federal government? Judge Bybee has gone through that, and it's hypothetical. Your counsel on the other side, your friend, says, no, the disclaimer is not effective to do that. There is one way to do that, isn't there? I'm not sure what you're suggesting. Stay in Federal court and have them move for summary judgment, and when it's granted, then you go to state court. What's wrong with that? Well, I don't think there's Article III jurisdiction at this point, because I think a summary judgment vote — there is no Federal law question that would be raised by their summary judgment motion, which is, we're moving to a causation-based summary — there's no colorable Federal defense to the claims that Mr. Long is pursuing. Because you haven't identified any Federal vessel. I think that could be argued — For which you're seeking damages. Correct. And so the burden to establish the elements of Federal officer removal are on Foster Wheeler, though. It is not Mr. Long's burden to establish that he is not suing — bringing claims based on Federal vessels. The burden for Federal officer removal is on the removing defendant. So it is not Mr. Long's, certainly, burden under Oregon state procedural law to allege that he is not suing on naval ship ABCD. That isn't what's required for — to trigger the Federal officer — to prevent Foster Wheeler from taking — Is there anything in the — are you — you are familiar with the proceedings going on in Oregon state court? Yes. Okay. Is there anything in the proceedings involving Foster Wheeler in which there is argument over whether a ship was a Federal vessel? Not that I'm aware of, no. And certainly, I think that would be a different case if that was being raised. But I think it would still certainly not actually be a Federal law dispute whether a — it would be similar to a preemption defense, for example. You could raise — sorry — you could raise an argument. A defendant in state court could say, oh, you can't make that claim. It's preempted. And that doesn't make it a removable question. And then the district — the state court can decide, yes, it's preempted. It's within the scope of the Federal statutory preemption. It's not. Here, if that had come up, it hasn't, the state court would decide it's within the scope of the waiver or is it not. But that doesn't make it a Federal contractor defense. As I understand the Federal contractor defense, it is quite possible that a plaintiff could say, I was in — I was injured. I only worked on this vessel, and I got mesothelioma from working on this vessel. It's a U.S. Navy vessel, and I'm suing Foster Wheeler for — for this asbestos-laden boiler. And Foster Wheeler will say, this is — we've got a Federal contractor defense. We're clearly in the Federal court. And then there could actually be an argument as to how much Federal supervision there was or whether you bought a Foster Wheeler boiler off the — off the boiler rack. Yes, Your Honor. But I think — But all of that goes to the details of how much supervision there is and gets into the question of whether you really were under the — under the supervision of a Federal contractor. Effectively here, you are — you are willing to concede for purposes of this case that anything that is a Federal vessel is subject to a Federal contractor defense, a successful Federal contractor defense. Yes, Your Honor. I — I think there is no — whereas all it needs to be is colorable to remove, here we're going a step beyond and saying it's — it's assumed. And there has to be a causal nexus, right? I'm sorry? Under 1442, there's a requirement of a causal nexus. That's correct. And I think, Judge Baillie, you were talking about what the pattern between the cases is, and I think what the — the cases are, the kind of — from the circuit courts, at least, about disclaimers generally is there's a distinction between a supposedly indivisible injury and an indivisible act. And so in the First Circuit case, Express Scripts, the actual act that the plaintiffs were suing over was a — one meeting, a negotiation where the defendant was negotiating at once on behalf of its Federal benefit plans and its private benefit plans. And the First Circuit said that is an indivisible act. You can't break up that act of a single negotiation. But in all the climate change cases where there have been disclaimers, including disclaimers made at oral argument deemed to be accepted, the — the injury that's indivisible is climate change. But the courts of appeals have all held — you can say I'm suing over this that caused climate change, but not that. I'm suing over the actions that you took in selling gasoline to private vehicle drivers, but I am not suing over the gasoline that you sold to the Federal Government. And even though, just like in that case, they're going to come back and say, well, you can't prove climate change wasn't caused by — was caused just by the private gasoline sales, then that's the same argument here. It's a causation argument. It's an argument of proof. And I think that that argument of proof about injury is distinct from the question of whether an act has a causal nexus to the claims being brought. And again, it's the claims that are being brought, not the claims that could be brought. And my friend on the other side keeps going back to the deposition and trying to disavow and contradict. And Mr. Long isn't contradicting the statement that he worked on Navy ships. He can't. That's what happened. He worked on Navy ships. And he was exposed to asbestos on the Navy ships. But just because he was exposed to that harm doesn't mean he's suing based on that harm. And there's no reason why he is required to sue based on that harm. The only reason why naval exposure would come up is if Foster Wheeler wants to raise it and say, for the apportionment of damages, saying, oh, well, we need to carve out 10% because of 10% of the time he was working on naval ships. But that's not a federal defense. That's the same as any other multiple tort fees or defense. It's a state law defense. And any time you make a reference to a federal officer isn't enough for the federal officer removal statute. The example would be if I'm in a multi-car car crash and one of the drivers was a federal park police. I don't have to sue him and also sue everyone else. I can choose which people to sue. And then he's an absent tort feeser. And the state court will deal with that. There are ways to do that. But none of the other defendants can remove and say, well, my claim relates to actions taken under direction of a federal officer. That would expand the scope of the federal officer removal statute. And even though the federal officer removal statute certainly is broad, it's not limitless and make every time there would be a government contractor somewhat related to the case, bring them under the scope of the removal statute. Briefly, I just want to touch on the Royal Cannon case because I think this eliminates any doubt that the court is not stuck with just the complaint and assessing whether there is jurisdiction. I think Royal Cannon makes clear that 1447C applies just as much here as in any other case that once the grounds for the hook to bring a case into federal court are gone, you must remand the case if you're a federal court. You can't keep the case even if it's a removed case. And I know there are lots of arguments that are raised. And my friend on the other side has talked about suggested forum manipulation. But the Supreme Court basically says in Royal Cannon that that doesn't really matter. That's not a real concern. And I think it's outweighed here by the fact that Mr. Long has certainly given something real up. He's given up claims. So it's not like he's just trying to artfully keep his entire case while staying out of federal court. He has given up substantial claims and made the choice. And that choice not to bring the claims must be respected, unless the court has any other questions. Thank you. I'm going to put two minutes on the clock. To follow on something my colleague just said, Mr. Long is trying to have his cake and eat it too. He's suing Foster Wheeler for boilers they manufactured for ships. He could have chosen to say, I'm not going to sue Foster Wheeler. I don't want to get involved with federal court. I don't want any part of it. But he didn't. He said, I'm going to sue Foster Wheeler, and I want to collect money from Foster Wheeler because of what they did for commercial vessels. But did Foster Wheeler produce boilers that were placed on commercial vessels? Yes. Right. But the difference is the plaintiff is trying to distinguish the exposures, which he cannot do. And I just your point, Judge Bivey, about he does talk about Coast Guard being exposed on Coast Guard ships. He does specifically talk about the fact that there were 380. My understanding is that he is now disavowing. If it was not clear before, it seems very clear here that he says we are not going to be seeking any damages for anything resulting from exposure on a Coast Guard ship or any other ship that was commissioned by the United States. That's what he's claiming. That's what he's trying to do. But again, it goes back to the sworn testimony. Mr. Long is saying I was exposed on Navy ships. I was exposed to Foster Wheeler boilers on Navy ships. And now we probably need to count the ships. And if he was exposed, if he worked on 100 ships in the course of his career, and there was one Navy ship that he was on for 15 minutes, and he was on a Coast Guard ship for two hours, and the rest of the time he was on private ships, he might be successful in his lawsuit. On the other hand, if he worked on two commercial ships and 97 Navy ships and one Coast Guard ship, then it doesn't look like he's going to have a very, very strong case. But that's all a matter of causation, not a matter of the contractor defense. But I will just conclude with respect to the application of 1442 removal. You know, the cases are clear. Foster Wheeler doesn't have to prove its case now. It's to be liberally construed. We don't have to win. This is not summary judgment. All we're saying is the actions we undertook to manufacture these boilers per mil specs, per federal officers, that gets us into federal court. We get to fight all this in federal court. But there has to be a causal nexus from that act to their claims, which is not present because they've disclaimed all of those claims. Well, I think the act, the nexus is the manufacturing and supplying of boilers per mil specs for military ships. Which has no nexus to their claims. It does because he's alleging exposure on those ships. If this was an auto accident, you could say, well, that was the exact cause, not this. That can't happen here. Their own experts are going to say it's unknown to medical science which exposure caused. He was doing the same work on the same ship. Sounds like you've got good grounds for going into state court and telling him that he hasn't proven his case. We'd rather make that argument in federal court. All right. We're over time. Thank you, counsel, for your arguments this morning. Thank you. And this case is submitted and we are in recess until tomorrow morning.
judges: HAWKINS, BYBEE, BADE